L. FRIEDMAN NECKWEAR CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19334. Promulgated January 25, 1929.

*L. L. Rieselbach, Esq.*, for the petitioner.
*J. F. Greaney, Esq.*, for the respondent.

## OPINION.

Trussell: The respondent has disallowed the total claimed deduction of $1,800 on the basis of its being a stock dividend declared in January, 1925, for services rendered in prior years.

The fact that petitioner termed the said additional sum paid for services as a stock dividend is not controlling in view of the actual facts of the transaction. See *Douglas* v. *Edwards*, 298 U. S. 234; *Henry Myer Thread Manufacturing Co.*, 2 B. T. A. 665; *Osborne & Clark Lumber Co.*, 8 B. T. A. 382; also *A. Kreamer, Inc.* v. *United States*, 66 Ct. Cls. 308. The payment of the $1,800 was not a distribution in accordance with stockholdings, for L. Friedman, Sr., who held 350 of the outstanding 501 shares of petitioner's capital stock, received no portion thereof.

Petitioner was a close corporation whose directors were also its officers and actively engaged in the business. The officers and directors held informal meetings at various times to decide corporate matters and at various meetings during 1924 certain overdrafts were authorized as additional salary. However, it was agreed that such overdrafts would be debited to the respective drawing accounts until it could be determined that the business had made sufficient profits for that year. In November, 1924, it was known that the business had prospered and it was agreed at a meeting of officers and directors that the overdrafts made during the year should be credited to the respective drawing accounts as additional salaries or bonuses for services rendered. The resolution of January 6, 1925,

added no force and effect to those additional salaries authorized and actually paid during the year 1924.

Upon all the facts of record we are of the opinion that in addition to the $10,000 salary deduction already allowed, this petitioner is entitled to a deduction in the amount of $1,584.90 as additional salaries authorized and paid during 1924 for services rendered during that year. The total salaries so paid were reasonable within the meaning of section 234 (a) (1) of the Revenue Act of 1924.

*Judgment will be entered pursuant to Rule 50.*